**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LaWanda Denise Long and Dennis Alan Long, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Medcath Incorporated,<br><br>Defendant. | No. CV12-8034-PCT-JAT<br><br>**ORDER** |

Currently pending before the Court are Defendant's Motion to Dismiss (Doc. 5) and Plaintiffs' Motion to Remand (Doc. 6). Because the Court is granting the Motion to Remand, it will not reach the merits of the Motion to Dismiss.

**I.    BACKGROUND**

On September 24, 2009, Plaintiff LaWanda Long began working at a hospital[1] in Kingman, Arizona as an Emergency Room Registration Clerk. Mrs. Long worked in that position until she was terminated on February 5, 2010. (Doc. 1-1 ¶V.) The termination forms that Mrs. Long received indicate that she was terminated for HIPPA and other policy violations. Mrs. Long alleges that she did not violate HIPPA or any other policies of the hospital.

---

[1] In their Complaint, Plaintiffs alternately refer to the hospital as Medcath and Hualapai Mountain Medical Center. It appears that the hospital where Mrs. Long worked was called Hualapai Mountain Medical Center or, sometimes, Doctors Community Hospital, but Plaintiffs have clarified that MedCath Inc. is the only Defendant in this action.

Plaintiff filed a Complaint in Mohave County Superior Court on February 1, 2012. (Doc. 1-1.) The Complaint alleges five cause of action for: wrongful termination; negligence; fraud; slander/libel; and malpractice.

Defendant removed to this Court on February 22, 2012. (Doc. 1.) The Notice of Removal alleges that the Court has both federal question and diversity jurisdiction.

Defendant filed a Motion to Dismiss (Doc. 5) on February 29, 2012. Plaintiffs never filed a response to that Motion. But Plaintiffs did file a Motion to Remand[2] on March 12, 2012. (Doc. 6.)

## II.     MOTION TO REMAND

Because if the Court does not have jurisdiction over this action, it cannot rule on the Motion to Dismiss, the Court will address the Motion to Remand first. Defendant removed on the basis of federal subject matter and diversity jurisdiction. Plaintiffs claim that neither exists.

28 U.S.C. §1331 gives federal district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. And §1332 gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. §1332(a)(1). The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Courts strictly construe the removal statute against removal jurisdiction. *See, e.g.,*

---

[2] The Motion to Remand is actually captioned "Plaintiffs Response/Opposition to Removal." (Doc. 6.)

- 2 -

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (internal citations omitted).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id*.  If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded.  28 U.S.C. §1447(c).

As the proponent of the Court's jurisdiction, the removing Defendant bears the burden of establishing jurisdiction.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  In responding to the Motion to Remand, Defendant argues that removal was proper because it appeared from the face of the Complaint that the lawsuit had claims arising under federal law and because diversity jurisdiction existed.

### A.  Federal Question Jurisdiction

Federal question jurisdiction exists only if the complaint establishes that the case arises under federal law.  *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  A review of Plaintiffs' Complaint reveals that they allege only state law causes of action.  Although Plaintiffs mention the Health Insurance Portability and Accountability Act ("HIPAA"), a federal statute, they only mention HIPAA when discussing their state law claims.  Plaintiffs do not make any claims under HIPAA in the pending litigation.  Defendant's failure to move to dismiss any alleged HIPAA claim supports the conclusion that Plaintiffs were not attempting to make a HIPAA claim.

Other than HIPAA, the Complaint does not even mention a federal statute or constitutional provision.  The Court finds the Complaint devoid of any federal causes of action.  The Court therefore does not have federal question jurisdiction pursuant to 28 U.S.C. §1331.

### B. Diversity Jurisdiction

For the Court to have diversity jurisdiction, each plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiffs are citizens of Arizona. They allege in the Complaint that Defendant Medcath Inc. is an Arizona corporation with its principal place of business in Maricopa County. But Defendant asserts that it is in fact a North Carolina corporation with its principal place of business in North Carolina and therefore is a citizen of North Carolina.

For diversity jurisdiction purposes, a corporation is a citizen of: 1) the state of its incorporation and 2) the state of its principal place of business. *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009)(citing 28 U.S.C. 1332(c)(1)). The Supreme Court has interpreted the phrase "principal place of business" to mean the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, the corporation's nerve center. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010). A corporation's "nerve center" typically will be the place where the corporation maintains its headquarters, "provided the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id*. at 1192.

Defendant, as the party asserting jurisdiction, has the burden of establishing diversity jurisdiction. *Hertz Corp.*, 130 S.Ct. at 1194. When challenged on allegations of jurisdictional facts, a party must support their allegations by competent proof. *Id*. Proof of jurisdiction cannot be satisfied by mere allegation. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

The Complaint alleges that Defendant has its principal place of business in Maricopa County, which is in Arizona. Plaintiffs in their Motion to Remand contend that Defendant does substantial business in Arizona and argue that diversity jurisdiction does not exist. As the party seeking jurisdiction of this Court, Defendant has the burden of establishing by competent proof that its principal place of business is outside Arizona.

Defense counsel states in the Response to the Motion to Remand that Medcath Inc. is incorporated in North Carolina and has its headquarters and principal place of business in Charlotte, North Carolina. But Defendant does not attach a single exhibit demonstrating that Medcath Inc.'s nerve center is in North Carolina, not even a declaration of a corporate officer or employee. Defense counsel cannot satisfy Defendant's burden of proving diversity of citizenship with a mere statement in a response. Without out any sort of evidence, not even a declaration, Defendant has not offered sufficient proof to overcome the strong presumption against removal jurisdiction.

Defendant has not met its burden of proving that the Court has either federal question or diversity jurisdiction. The Court therefore must remand this action to state court. 28 U.S.C. §1447(c)(If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded). Because the Court lacks jurisdiction over this case, it cannot decide Defendant's Motion to Dismiss.

Accordingly,

**IT IS ORDERED** Granting Plaintiffs' Motion to Remand (Doc. 6.)

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 5) shall remain pending for decision by the state court.

Dated this 21st day of May, 2012.

James A. Teilborg
United States District Judge